IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| Denise Mann, | Civil Action No.: _____ |
| Plaintiff, | |
| v. | |
| Budzik & Dynia, LLC, | **DEMAND FOR JURY TRIAL** |
| Defendant. | |

## COMPLAINT & JURY DEMAND

For this Complaint, the Plaintiff, Denise Mann, by undersigned counsel, states as follows:

### JURISDICTION

1. This action arises out of Defendant'ss repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), Michigan Collection Practices Act, M.C.L. § 445.251, *et seq*. ("MCPA"), Michigan Occupational Code, M.C.L. § 339.901, et seq. ("MOC"), and the invasions of Plaintiff's personal privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

### PARTIES

4. The Plaintiff, Denise Mann ("Plaintiff"), is an adult individual residing in Inkster, Michigan, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Budzik & Dynia, LLC ("Budzik"), is an Illinois business entity with an address of 4345 North Milwaukee Avenue, Chicago, Illinois 60641, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Budzik at all times acted by and through one or more of the collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

7. The Plaintiff allegedly incurred a financial obligation in the approximate amount of $700.00 (the "Debt") to GE Capital (the "Creditor").

8. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

9. The Debt was purchased, assigned or transferred to Budzik for collection, or Budzik was employed by the Creditor to collect the Debt.

10. The Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Budzik Engages in Harassment and Abusive Tactics

11. On or about June 15, 2012, Defendant placed a call to Plaintiff at her place of employment in an attempt to collect the Debt.

12. Plaintiff answered Defendant's call and informed Defendant that she could not take personal calls at work.

13. Furthermore, Plaintiff gave Defendant her cellular telephone number and requested that Defendant place all future calls to her on such number.

14. Approximately a week or so later, Plaintiff's neighbor delivered a message to Plaintiff that Defendant was attempting to reach Plaintiff.

15. On or about June 27, 2012, Plaintiff called Defendant to see why Defendant left a message with Plaintiff's neighbor for her, since Defendant already had Plaintiff's correct contact information.

16. Defendant admitted to calling Plaintiff's neighbor, and thereafter demanded that unless Plaintiff made payment arrangements that day to pay the Debt, the Debt would be sent back to their client and they "could pursue legal actions against [Plaintiff]."

17. Defendant's threat of lawsuit overshadowed and contradicted Plaintiff's right to dispute the Debt.

18. Plaintiff felt intimidated by Defendant's threat and requested to set up a payment arrangement with Defendant for $50.00 per month.

19. Defendant responded that they could only accept Plaintiff's $50.00 payments if Plaintiff first disclosed to Defendant all her financial information, employment information, and all other debts that Plaintiff owed to creditors at the present moment.

20. Moreover, Defendant failed to send Plaintiff any written correspondence informing Plaintiff of her rights under Federal law, including her right to dispute the Debt.

C. **Plaintiff Suffered Actual Damages**

21. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.

22. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

23.     The Defendant's conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I

### VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

24.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25.     The Defendant's conduct violated 15 U.S.C. § 1692b(1) in that Defendant contacted third parties for purposes other than to confirm or correct location information.

26.     The Defendants' conduct violated 15 U.S.C. § 1692c(a)(1) in that Defendants contacted the Plaintiff at a place and during a time known to be inconvenient for the Plaintiff.

27.     The Defendant's conduct violated 15 U.S.C. § 1692d in that Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

28.     The Defendant's conduct violated 15 U.S.C. § 1692e(2) in that Defendant misrepresented the character, amount and legal status of the Debt.

29.     The Defendant's conduct violated 15 U.S.C. § 1692e(5) in that Defendant threatened to take legal action, without actually intending to do so.

30.     The Defendant's conduct violated 15 U.S.C. § 1692e(10) in that Defendant employed false and deceptive means to collect a debt.

31.     The Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to collect a debt.

32. The Defendant's conduct violated 15 U.S.C. § 1692g(a) in that Defendant failed to send Plaintiff an initial letter within five days of its initial contact with Plaintiff as required by law.

33. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

34. The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II

## VIOLATION OF THE MICHIGAN COLLECTION PRACTICES ACT, M.C.L. § 445.251, et seq.

35. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

36. The Plaintiff is a "consumer" and "debtor" as the term is defined by M.C.L. § 445.251(d).

37. The Defendant is a "collection agency" as the term is defined by M.C.L. § 445.251(b).

38. The Plaintiff incurred a debt as a term is defined by M.C.L. § 445.251(a).

39. The Defendant's conduct violated M.C.L. § 445.252(a) in that Defendant communicated with Plaintiff in a misleading or deceptive manner.

40. The Defendant's conduct violated M.C.L. § 445.252(e) in that Defendant made an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt or concealed or not revealed the purpose of a communication when that was made in connection with collecting a debt.

41. The Defendant's conduct violated M.C.L. § 445.252(f)(i) in that Defendant misrepresented in a communication with Plaintiff the legal status of a legal action being taken or threatened.

42. The Defendant's conduct violated M.C.L. § 445.252(n) in that Defendant used a harassing, oppressive, or abusive method to collect a debt.

43. The Defendant's conduct violated M.C.L. § 445.252(q) in that Defendant failed to implement a procedure designed to prevent a violation by an employee.

44. The foregoing willful acts and omissions of the Defendant constitute numerous and multiple violations of the MCPA, including every one of the above-cited provisions.

45. The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT III

## VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE, M.C.L. § 339.901, et seq.

46. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

47. Defendant is a "collection agency" as the term is defined in M.C.L. § 339.901(b).

48. Plaintiff is a "consumer" and "debtor" as the terms is defined in M.C.L. § 339.901(f).

49. The Defendant's conduct violated M.C.L. § 339.915(a) in that Defendant communicated with Plaintiff in a misleading or deceptive manner.

50. The Defendant's conduct violated M.C.L. § 339.915(e) in that Defendant made an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a

debt or concealed or not revealed the purpose of a communication when that was made in connection with collecting a debt.

51. The Defendant's conduct violated M.C.L. § 339.915(f)(i) in that Defendant misrepresented in a communication with Plaintiff the legal status of a legal action being taken or threatened.

52. The Defendant's conduct violated M.C.L. § 339.915(n) in that Defendant used a harassing, oppressive, or abusive method to collect a debt.

53. The Defendant's conduct violated M.C.L. § 339.915(q) in that Defendant failed to implement a procedure designed to prevent a violation by an employee.

54. The foregoing willful acts and omissions of the Defendant constitute numerous and multiple violations of the MOC, including every one of the above-cited provisions.

55. The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT III

## INTENTIONAL (OR NEGLIGENT) INFLICTION OF EMOTIONAL DISTRESS

56. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

57. The acts, practices and conduct engaged in by the Defendant vis-à-vis the Plaintiff was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

58. The foregoing conduct constitutes the tort of intentional infliction of emotional distress under the laws of the State of Michigan.

59.     All acts of Defendant and the collectors complained of herein were committed with malice, intent, wantonness, recklessness, and negligence, and as such, Defendant is subject to imposition of punitive damages.

60.     Defendant could reasonably foresee its conduct would cause mental anguish and severe emotional distress to Plaintiff.

61.     Plaintiff did indeed suffer mental anguish and severe emotional distress including post-traumatic stress, paranoia, and depression.

62.     Defendant's conduct resulted in negligent infliction of emotional distress under the laws of the State of Michigan.

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendant:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1), M.C.L. § 445.257(2), and M.C.L. § 339.916(2) against Defendant;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A), and statutory damages pursuant to M.C.L. § 445.257(2) and M.C.L. § 339.916(2) against Defendant;

3. Treble damages pursuant to M.C.L. § 445.257(2) and M.C.L. § 339.916(2) against Defendant;

4. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3), M.C.L. § 445.257(2), and M.C.L. § 339.916(2)  against Defendant;

5. Actual damages from Defendant for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent

FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

6. Punitive damages against Defendant; and

7. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: July 12, 2012

        Respectfully submitted,

        By: <u>/s/ Sergei Lemberg, Esq.</u>
        Attorney for Plaintiff Denise Mann
        LEMBERG & ASSOCIATES L.L.C.
        1100 Summer Street
        Stamford, CT 06905
        Telephone: (203) 653-2250
        Facsimile:   (888) 953-6237
        Email: slemberg@lemberglaw.com